UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAMOLA ADELANWU, | ) | CASE NO. 4:11 CV 0392 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On February 23, 2011, *pro se* petitioner Damola Adelanwu filed a Motion to Correct Judgment in the United States District Court for the Eastern District of New York. *See Adelanwu v. United States*, No. 1:11cv 869 (E.D. NY filed Feb. 23, 2011). Because the Motion challenged the computation of Petitioner's sentence, the court construed it as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As such, the court determined the petition needed to be filed in the district court which had jurisdiction over Petitioner's custodian. Considering Petitioner's custodian is the warden where he is imprisoned (in this case Northeast Ohio Correctional Institution (N.E.O.C.C.) in Youngstown, Ohio) the case was transferred to this Court.

Petitioner claims there is a one day sentence computation error on his record. The

error has extended his release date by one day. He seeks an order from the Court to correct this alleged calculation error.

*Background*

Petitioner states he was arrested by federal authorities on February 4, 2007. He claims his "computation date," however, reflects a February 5, 2007 arrest date. He directs the Court to review the "Sentence Monitoring Good Time Data" sheet, as of 10-18-2009, that he attaches to his Petition. (Pet.'s Atth.) It reveals that the date computation "begins: 7-30-2008," and his Current Release Date is November 19, 2014. *Id.* The data is current "as of 10-18-2009." *Id.*

*28 U.S.C. §2241*

Claims seeking to challenge the execution or manner in which sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Thus, where as here, Petitioner seeks an order releasing him from custody sooner than his original term of imprisonment, habeas relief is appropriate. Further, this Court does have personal jurisdiction over his custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004)(proper custodian for purposes of habeas review is the warden of the facility where he is being held).

*Exhaustion*

Federal prisoners are required to first exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981). Petitioner has not shown that he exhausted his administrative remedies before requesting habeas relief in the district court. Administrative remedies clearly exist, *see* 28 C.F.R. § 542.10, and

2

nothing in the record indicates that it would have been futile for Petitioner to pursue his administrative remedies or that those remedies would have been unable to afford him the relief he requests. *See McKart v. United States*, 395 U.S. 185, 200 (1969) (petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply); *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir.1982). Thus, it is proper to dismiss this petition because Petitioner has not exhausted his administrative remedies before filing his petition in this court.

## *Conclusion*

Based on the foregoing, this petition is dismissed without prejudice for failure to exhaust administrative remedies. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: August 15, 2011                        *s/      James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE